IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LAWRENCE BISS | : | CIVIL ACTION |
| v. | : | |
| GEHRING-MONTGOMERY, INC., ET AL. | : | NO. 16-4472 |

**MEMORANDUM**

**Padova, J.**                                                                           May 3, 2017

Plaintiff Lawrence Biss has brought this action against Defendants asserting claims arising from the termination of his employment with Defendant Gehring-Montgomery, Inc. ("GMI"). Defendants GMI; TER Hell & Co., GmbH; TER Holding, Inc.; and Mark Bitting have filed a Motion to Dismiss Count V of the Complaint. For the reasons that follow, we deny the Motion.

**I.    FACTUAL BACKGROUND**

The Complaint alleges the following facts. GMI "is a distributor of specialty chemicals to commercial manufacturers in the automotive, coatings, adhesives, food and personal care industries." (Compl. ¶ 14.) It was founded by Ruth Gehring and managed by her for many years. (Id. ¶ 15.) TER Hell & Co., GmbH ("TER Hell") "is the parent company of a group [of] companies . . . that distribute, retail, and manufacture raw chemicals." (Id. ¶ 18.) In 1990, TER Holding, Inc., a subsidiary of TER Hell, acquired GMI. (Id. ¶ 19.)

Biss was hired by GMI on May 2, 1992, as the Purchasing Manager. (Id. ¶ 16.) He became the Managing Director of GMI in January 1996 and was responsible for running the company and its sales operations. (Id. ¶ 17.) On December 20, 1995, GMI and Biss entered into an employment agreement (the "Employment Agreement"). (Id. ¶ 20.) Biss was entitled to the following compensation pursuant to the Employment Agreement: "salary . . . , reimbursement of

business expenses, a new automobile at company expense every three years, profit sharing equal to 10% of the company's net profits before taxes and executive compensation, 401(k) plan contributions by the company equal to 4% of his [salary], medical insurance, and vacation of 25 days annually." (Id. ¶ 22(a).) In addition, pursuant to the Employment Agreement, Biss's employment with GMI could only be terminated upon his death, or disability, for just cause, or with 12 months' notice. (Id. ¶ 22(b).) Just cause is defined in the Employment Agreement as "a repeated and substantial failure to perform his duties after specific written notice of the failure; frequent absences without satisfactory explanation; 'material misconduct;' or 'conviction of a felony.'" (Id. ¶ 22(c).) The Employment Agreement also provided that Biss was entitled to severance upon expiration of the Agreement in the amount of one month of salary for every year of his service to the company beginning on January 1, 1996. (Id. ¶ 22(d).)

Biss was born in 1955 and was 61 years old when he filed the Complaint. (Id. ¶ 23.) Gehring was born in 1944 and was 72 years old when Biss filed the Complaint. (Id. ¶ 24.) Beginning in 2011, the management of TER Hell made it clear that it wanted to hire younger managers to replace Gehring and Biss. (Id. ¶ 25.) In the summer of 2015, all of the Defendants except Mark Bitting informed Biss that his position would be terminated and that his duties would be distributed to Thomas Sprock,[1] Oliver Zimmerman,[2] and his replacement. (Id. ¶ 26.) Biss was also notified that he "would be required to interview and train his replacement." (Id.) Biss informed Sprock and Zimmerman that his termination violated the federal Age

---

[1]Defendant Thomas Sprock is the Secretary of GMI and Chief Financial Officer of TER Hell. (Compl. ¶ 5.)

[2]Defendant Oliver Zimmerman is the President of GMI and the Chief Executive Officer of TER Hell. (Compl. ¶ 6.)

Discrimination in Employment Act. (Id. ¶ 27.) At the end of 2015, the company terminated Gehring due to her age. (Id. ¶ 28.)

On January 1, 2016, Biss's Employment Agreement was terminated, his position was eliminated, and his duties were assigned to Bitting,[3] Zimmerman, and Sprock, all of whom are younger than Biss. (Id. ¶ 29.) Biss was assigned to a meaningless position with little responsibility "but high visibility to customers and existing employees." (Id. ¶ 30.) This reassignment "was an affront and embarrassment" to Biss and was intended to cause Biss to resign and relieve GMI of its obligation to pay him severance in accordance with his Employment Agreement. (Id.) Nevertheless, Biss did not quit. (Id. ¶ 32.)

Defendants subsequently engaged BDO Seidman ("BDO") to perform an audit of GMI. (Id. ¶ 32.) Defendants engaged BDO to find a reason to fire Biss that would not require the payment of his severance pay. (Id. ¶ 33.) During its audit of GMI, representatives of BDO told GMI employees, ex-employees, and third parties that Biss was guilty of "theft, crimes, incompetence at his trade or profession, and dishonesty." (Id. ¶ 34.) These representations were false and Defendants knew that they were false. (Id. ¶¶ 35-36.) On July 7, 2016, Biss's employment was terminated. (Id. ¶ 38.) Defendants gave numerous false reasons for terminating Biss's employment in order to "(a) mask the age discrimination of the Defendants; (b) retaliate against Mr. Biss for asserting his contractual and statutory rights; and (c) . . . attempt to justify the failure to pay him the severance pay package required by his contract." (Id. ¶ 39.) Only Sprock gave a valid reason for Biss's termination, when he told Biss: "[w]e tried to settle things with you but you made all of these claims for severance and discrimination that we had no other choice but to terminate you. You won't get any severance pay now." (Id. ¶ 40.) As of the

---

[3]Defendant Mark Bitting is the Managing Director, Sales and Purchasing, of GMI. (Compl. ¶ 7.)

date of his termination of employment, Biss had worked for GMI for more than 24 years and was entitled to 26 months of pay as severance under the Employment Agreement. (Id. ¶ 42.) GMI did not give Biss his severance payments. (Id. ¶ 43.) In addition, GMI has a policy of paying unused vacation pay to employees whom it terminates. (Id. ¶ 44.) Biss accumulated four weeks of vacation pay that he earned in 2015 and 2.8 weeks of vacation pay that he earned in 2016, with a total value of $33,000. (Id. ¶ 45.) Biss was not paid for his unused vacation time. (Id.)

The Complaint asserts five claims for relief but only Count V is at issue in the instant Motion. Count V asserts a claim against GMI, TER Hell, TER Holding, Sprock, and Zimmerman for defamation, arising from the false statements made by Defendants and their agents regarding Biss. The Moving Defendants have moved to dismiss Count V for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II. LEGAL STANDARD

When considering a motion to dismiss pursuant to Rule 12(b)(6), we "consider only the complaint, exhibits attached to the complaint, [and] matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)). We take the factual allegations of the complaint as true and "construe the complaint in the light most favorable to the plaintiff." DelRio-Mocci v. Connolly Props., Inc., 672 F.3d 241, 245 (3d Cir. 2012) (citing Warren Gen. Hosp. v. Amgen, Inc., 643 F.3d 77, 84 (3d Cir. 2011)). Legal conclusions, however, receive no deference, as we "'are not bound to accept as true a legal conclusion couched as a factual

allegation.'" Wood v. Moss, 134 S. Ct. 2056, 2065 n.5 (2014) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

A plaintiff's pleading obligation is to set forth "'a short and plain statement of the claim,'" which gives "'the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Fed. R. Civ. P. 8(a)(2), and Conley v. Gibson, 355 U.S. 41, 47 (1957)). The complaint must contain "'sufficient factual matter to show that the claim is facially plausible,' thus enabling 'the court to draw the reasonable inference that the defendant is liable for [the] misconduct alleged.'" Warren Gen. Hosp., 643 F.3d at 84 (quoting Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). In the end, we will grant a motion to dismiss brought pursuant to Rule 12(b)(6) if the factual allegations in the complaint are not sufficient "'to raise a right to relief above the speculative level.'" W. Run Student Hous. Assocs., LLC v. Huntington Nat'l Bank, 712 F.3d 165, 169 (3d Cir. 2013) (quoting Twombly, 550 U.S. at 555).

## III. DISCUSSION

The Moving Defendants argue that Count V should be dismissed pursuant to Rule 12(b)(6) because it does not allege sufficient facts to state a facially plausible claim for defamation under Pennsylvania law. In order to succeed on a cause of action for defamation under Pennsylvania law, a plaintiff must prove the following:

> (1) The defamatory character of the communication. (2) Its publication by the defendant. (3) Its application to the plaintiff. (4) The understanding by the recipient of its defamatory meaning. (5) The understanding of the recipient of it

5

as intended to be applied to the plaintiff. (6) Special harm resulting from its publication. (7) Abuse of a conditionally privileged occasion.

42 Pa. Cons. Stat. Ann. § 8343(a); see also In re Philadelphia Newspapers, LLC, 690 F.3d 161, 173-74 (3d Cir. 2012) (quoting Iafrate v. Hadesty, 621 A.2d 1005, 1006 (Pa. Super. Ct. 1993)). Under Pennsylvania law, a statement is defamatory if it "'tends so to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him.'" U.S. Healthcare, Inc. v. Blue Cross of Greater Philadelphia, 898 F.2d 914, 923 (3d Cir. 1990) (quoting Birl v. Philadelphia Elec. Co., 167 A.2d 472, 475 (Pa. 1960)).

The Moving Defendants contend that Count V fails to state a facially plausible claim for defamation under Pennsylvania law because it fails to include facts that would establish all of the above listed requirements and, most particularly, it does not allege the contents of the allegedly defamatory statements, the source of the statements, or the recipients of the statements. The Moving Defendants argue that, as a result, Count V fails to provide them with "fair notice of what the . . . claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555 (alteration in original) (quotation omitted); see also Gagliardi v. Experian Info. Sols., Inc., Civ. A. No. 08-892, 2009 WL 365647, at *3 (W.D. Pa. Feb. 12, 2009) (granting motion to dismiss defamation claims because "[a]bsent, for example, a single detail regarding the information allegedly published, Defendants are without fair notice of the defamation claim and the grounds upon which it rests"), aff'd sub nom. Gagliardi v. Verizon Pennsylvania Inc., 357 F. App'x 413 (3d Cir. 2009). However, "[u]nder Federal Rule of Civil Procedure 8(a), 'a defamation plaintiff does not have to plead the precise defamatory statements, nor must [he] specifically name the person who made the statements.'" Knit With v. Knitting Fever, Inc., Civ. A. No. 08-4221, 2009 WL 973492, at *6 (E.D. Pa. Apr. 8, 2009) (quoting Rishell v. RR Donnelly & Sons Co., Civ. A. No.

06-4782, 2007 WL 1545622, at *3 (E.D. Pa. May 24, 2007)). Thus, "'[a]s long as a defamation count provides sufficient notice to defendants it states a claim.'" Id. (quoting Rishell, 2007 WL 1545622, at *3, and citing Bagasra v. Thomas Jefferson Univ., Civ. A. No. 99-2321, 1999 WL 517404, at *2 (E.D. Pa. Jul. 20, 1999)); see also Bagasra, 1999 WL 517404, at *2 (noting that a complaint need not plead defamation with particularity because "[t]he detailed facts underlying these claims can be obtained through discovery" (citations omitted)). Moreover, Biss argues that he need not allege in the Complaint that he suffered special harm because the Complaint alleges that the defamatory statements "constitute slander *per se*." See Tuman v. Genesis Assocs., 935 F. Supp. 1375, 1392 (E.D. Pa. 1996) (citing Walker v. Grand Central Sanitation, Inc., 634 A.2d 237, 242 (Pa. Super. Ct. 1993)). "Words imputing a criminal offense, loathsome disease, business misconduct or serious sexual misconduct constitute slander *per se*." Id. (citing Chicarella v. Passant, 494 A.2d 1109, 1115 n.5 (Pa. Super. Ct. 1985)).

The Complaint in this case alleges that Defendants and representatives of BDO made false statements to employees of GMI and third parties that Biss "had been guilty of theft, crimes, incompetence at his trade or profession, and dishonesty." (Compl. ¶¶ 34-35.) The Complaint further alleges that Defendants knew that these statements were false. (Id. ¶ 36.) The Complaint thus alleges facts that, if true, would establish that Defendants and representatives of BDO, who had been hired by Defendants (Compl. ¶ 32), made statements to employees of GMI about Biss that were defamatory, that these statements were published to employees of GMI and others, and that these statements were slander *per se* because they imputed criminal offenses and business misconduct to Biss. See Tuman, 935 F. Supp. at 1392 (citations omitted). We conclude, accordingly, that the allegations of the Complaint are sufficient to give the Defendants "fair notice" of Plaintiff's defamation claim and of "the grounds upon which it rests." Twombly,

7

550 U.S. at 555 (quotations omitted); see also Knit With, 2009 WL 973492, at *6 (citations omitted). We further conclude, accordingly, that Count V of the Complaint states a facially plausible claim for defamation against the Moving Defendants.

## IV. CONCLUSION

For the reasons stated above, the Motion to Dismiss is denied. An appropriate order follows.

BY THE COURT:

/s/ John R. Padova

_____

John R. Padova, J.